**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINH THI MINH TRAN,

          Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No.   18-35307

D.C. No. 3:16-cv-01971-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted May 4, 2020[**]

Before:     FARRIS, LEAVY, and TROTT, Circuit Judges.

Linh Thi Minh Tran appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II and Title XVI of the Social Security Act.  We

have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.[1]

Tran carries the initial burden of proving disability, including proving that she has an impairment that meets or equals the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Substantial evidence supports the ALJ's decision that Tran's vision impairment did not meet or equal Listing 2.02, 2.03, or 2.04. For an impairment to meet a Listing, all of the criteria of that Listing must be satisfied for the requisite durational period. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

Tran insists in this connection that her visual impairment in her left eye met the Listings. However, the relevant inquiry under Listing 2.02, 2.03, and 2.04 is

---

[1] Tran accuses the ALJ of making "intentional misrepresentations" in his Decision, adding that the Decision was "made in bad faith" or "with intent to deceive." Because of the seriousness of these allegations, we have carefully examined the record to determine if they have any support. They do not. To the contrary, the claimant was at all times treated professionally and with respect and courtesy, to the point of ensuring that a female security officer would be present to attend to that aspect of the proceedings, and providing her with an interpreter even though one was not requested. Moreover, the ALJ on his own motion suspended the claimant's hearing and continued the matter to enable her and her attorney to gather missing medical records that appeared to be pertinent to her claim. Finally, neither the transcript of her merits hearing nor the ALJ's thorough, thoughtful, and persuasive Decision itself reveal anything untoward.

the impairment of vision in the "better eye," in Tran's case her right eye, not her left. We elaborate.

Dr. Thuyet Tran, M.D./Ph. D, was the claimant's primary care provider. The ALJ correctly noted that "[d]uring general examinations in 2014 and 2015," "the claimant reported limited vision in the left eye only." Reports from Dr. Shults and Dr. Yang corroborate this statement. The results of an electroretinography exam administered in Dr. Yang's office were "inconsistent with light perception due to retinal etiology." Dr. Yang's report also says that "she is not happy with her job and this may have been a contributory factor in the development of the panic attack at work today."

Dr. Tran's notes of May 30, 2015, place in question the reliability of the claimant's assertions about her vision, and also her cooperation with her medical providers. Dr. Tran reports that the claimant "as usual is upset and storming out of the room after she did not get her demand met," referring to an MRI she wanted which Dr. Tran believed to be unnecessary. This behavior was consistent with (1) technician Rauch's and Dr. Yang's report of questionable cooperation on a full field vision test, (2) Dr. Wei's notation of an "uncooperative examination", and (3) Dr. Wei's description of her as a "patient unsatisfied by my explanation."[2]

---

[2]    The ALJ, the government, and the district court misread the medical record, asserting that Dr. Tran reported that the claimant "always exaggerated her symptoms," referencing Dr. Tran's report at page 603 of the excerpt of record.

The ALJ also highlighted the claimant's suspect assertion that she did not drive a car. On February 15, 2013, she reported in a Social Security Function Report that she drove a car "when going out." Asked directly "Do you drive?", she checked "yes." Dr. Brian Pavic's report indicates that the claimant "is able to drive O.K., but the street signs and numbers are blurry, and as such, she rides the bus a lot to her appointments and to work when she is working." The ALJ also correctly found that she had no limitations with respect to activities of daily living or social functioning. In addition, he referenced information in an investigative report dated September 4, 2015, that the claimant "has a number of videos on YouTube. Most has (sic) her doing different daily tasks, but most if not all have her at the computer typing and speaking to someone. She is not wearing glasses nor have any other aid." This report indicates that she confronts neighbors in English and complains about parking problems in the neighborhood.

The ALJ reasonably evaluated the medical evidence, including information from Dr. Holland, and the ALJ's decision is supported by substantial evidence.

---

Dr. Tran's report says nothing about always exaggerating her symptoms. What Dr. Tran's report does say is that the claimant "is quite anxious. Always <u>exacerbates</u> her symptoms." (Emphasis added.) We read this language to indicate that the claimant's <u>anxiety</u> always exacerbates her symptoms. Other notes in the record about the effects of the claimant's anxiety and her symptoms confirm this reading. However, we consider this error to be inconsequential in the light of the full record.

18-35307

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

To the extent Tran argues that her other impairments, such as asthma, back pain, and migraines meet the Listings, this argument also lacks merit. The ALJ correctly observed that "[o]ther symptoms and complaints appear in the medical treatment records periodically, but there is nothing to show that they are more than transient or cause significant vocational limitations. Any such impairment is not a severe medically determinable impairment because no objective, acceptable medical documentation supports such a finding." We agree with the district court that the ALJ did not err in not addressing these alleged impairments at step three of his analysis.

**AFFIRMED**.

18-35307